**Timothy S. DeJong**, OSB No. 940662
Email: tdejong@stollberne.com
**Jacob S. Gill**, OSB No. 033238
Email: jgill@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. Oak Street, Suite 500
Portland, Oregon 97204
Telephone:     (503) 227-1600
Facsimile:     (503) 227-6840

**Michael J. Lyons** (admitted *pro hac vice*)
Email: michael.lyons@morganlewis.com
**Jason E. Gettleman** (admitted *pro hac vice*)
Email: jason.gettleman@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, California 94304
Telephone:     (650) 843-4000

**Jeffrey E. Ostrow** (admitted *pro hac vice*)
Email: jostrow@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000

*Attorneys for Plaintiffs Hitachi Kokusai Electric, Inc., Kokusai Semiconductor Equipment Corporation, and Kabushiki-Kaisha Kokusai Electric*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HITACHI KOKUSAI ELECTRIC, INC., a Japanese corporation, KOKUSAI SEMICONDUCTOR EQUIPMENT CORPORATION, a Delaware corporation, and KABUSHIKI-KAISHA KOKUSAI ELECTRIC, a Japanese corporation,<br><br>Plaintiffs,<br><br>    v.<br><br>ASM INTERNATIONAL, N.V., a Netherlands corporation, and ASM AMERICA, INC., a Delaware corporation, | Civil Action No.: 3:18-cv-00323-AC<br><br>**JOINT REPORT OF PARTIES REGARDING CASE STATUS** |

Counsel for Plaintiffs Hitachi Kokusai Electric, Inc. ("HiKE"), Kokusai Semiconductor Equipment Corporation ("KSEC"), and Kabushiki-Kaisha Kokusai Electric ("KE") (collectively, "Plaintiffs"), and Counsel for Defendants ASM International, N.V., and ASM America, Inc. (collectively, "Defendants" or "ASM"), conferred telephonically on August 6, 2018.

Plaintiffs believe that the parties' August 6, 2018 telephonic conference satisfied the Federal Rule of Civil Procedure 26(f) requirements.  During the meet and confer, the parties discussed each of the matters identified in this Joint Report, including the disclosures required by Rule 26(a)(1), issues concerning the preservation of discoverable information, and a proposed discovery (and e-discovery) plan. Counsel for all parties attempted in good faith to agree on the proposed discovery plan.

Defendants also mischaracterize the current state of the case.  For weeks prior to the August 6, 2018 conference, the parties were discussing the proposed schedule for this matter. The parties' telephonic conference was conducted pursuant to the Federal and Local Rule 26 with the goal of discussing the case schedule and discovery plan.  At no time during the August 6, 2018 conference did counsel for Defendants assert that the conference was not in accordance with Rule 26(f) as Defendants now contend.  Accordingly, Plaintiffs believe that discovery in this matter is open until the Court orders otherwise.

Defendants contend that pursuant to the Court's Discovery and Pretrial Scheduling Order entered February 20, 2018, discovery closed June 20, 2018, and shall remain closed until the Court orders otherwise.  Accordingly, as set forth herein, Defendants propose that the parties conduct a Rule 26(f) conference within 14 days of the Court entering an order on the pending motion to dismiss, stay, or transfer.  Dkt. No. 19.

Page 2 - **JOINT REPORT OF PARTIES REGARDING CASE STATUS**

The parties' agreements and disputes are set forth below.

## I.    JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over the claims in this case under 28 U.S.C.

§§ 1331 and 1338(a).  The parties have been served with all filings in this case.

Defendants object to venue in the District of Oregon and have filed a motion to dismiss,

stay, or transfer this action to the Northern District of California.  Dkt. No. 19.  Plaintiffs oppose

Defendants' motion (Dkt. No. 23), which does not, and cannot, contend that venue is improper in

this District but instead seeks transfer for purported convenience (*see* Dkt. No. 19).

## II.   IDENTIFICATION OF THE ISSUES

A.    Whether this action should be dismissed, stayed, or transferred in view of related litigation pending in the Northern District of California;

B.    Whether ASM infringes or has infringed U.S. Patent No. 8,673,076 ("the '076 Patent") under 35 U.S.C. § 271;

C.    Whether the '076 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112 or for failure to comply with any other requirement for patentability;

D.    Whether ASM infringes or has infringed U.S. Patent No. 7,622,007 ("the '007 Patent") under 35 U.S.C. § 271;

E.    Whether the '007 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112 or for failure to comply with any other requirement for patentability;

F.    Whether ASM infringes or has infringed U.S. Patent No. 6,514,869 ("the '869 Patent") under 35 U.S.C. § 271;

G.    Whether the '869 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112 or for failure to comply with any other requirement for patentability;

H.    Whether ASM infringes or has infringed U.S. Patent No. 6,783,627 ("the '627 Patent") under 35 U.S.C. § 271;

I.    Whether the '627 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112 or for failure to comply with any other requirement for patentability;

Page 3 - **JOINT REPORT OF PARTIES REGARDING CASE STATUS**

**J.**     Whether Plaintiffs' claims are barred in whole or in part under the doctrine of prosecution history estoppel;

**K.**     Whether Plaintiffs' claims are estopped based on the inconsistent positions taken in this litigation when compared against the arguments previously asserted;

**L.**     Whether Plaintiffs' claims are barred in whole or in part under additional principles of equity, including but not limited to unclean hands;

**M.**     Whether ASM willfully infringed and/or continues to willfully infringe;

**N.**     Whether Plaintiffs are entitled to and the extent of any enhanced damages under 35 U.S.C. § 284;

**O.**     Whether Plaintiffs are entitled to a finding that this case is exceptional under 35 U.S.C. § 285;

**P.**     Whether Plaintiffs are entitled to and the extent of any appropriate relief under 35 U.S.C. § 285;

**Q.**     Whether Plaintiffs are entitled to and the extent of any other costs and expenses;

**R.**     Whether ASM is entitled to a finding that this case is exceptional under 35 U.S.C. § 285; and

**S.**     Whether ASM is entitled to, and the extent of any, other costs and expenses.

## III.    NARROWING OF THE ISSUES

The parties agree that they may be able to narrow certain issues once discovery has progressed.

### Defendants' Position

As of the filing of this report, an affiliate of Defendants, ASM IP Holding B.V., has requested *inter partes* review of three of the four asserted patents and will be requesting *inter partes* review of the remaining patent.  Defendants believe these IPR proceedings are likely to narrow the issues for trial and warrant a stay of these proceedings pending their final resolution.

### Plaintiffs' Position

Page 4 - **JOINT REPORT OF PARTIES REGARDING CASE STATUS**

Although ASM IP Holding B.V.—a non-party to this case—has requested *inter partes* review for a subset of the asserted patents here, Plaintiffs do not believe these IPR proceedings are likely to narrow the issues for trial.  Nor do they warrant a stay of these proceedings at least because the three IPRs have not been instituted and Plaintiffs will oppose such institution before the PTAB.

## IV.    RELIEF

The relief that Plaintiffs seek in this case against ASM is detailed in its Complaint.  In summary, Plaintiffs seek:

**A.**    a judgment that ASM has infringed and is infringing the Asserted Patents;

**B.**    a judgment that ASM has induced and is inducing infringement of the Asserted Patents;

**C.**    a judgment that ASM has contributed to and is contributing to infringement of the Asserted Patents;

**D.**    a judgment that the Asserted Patents are valid and enforceable;

**E.**    a preliminary and permanent injunction against ASM;

**F.**    an accounting for any infringing sales not presented at trial and an award by the Court of any additional damages for any such infringing sales;

**G.**    damages adequate to compensate Plaintiffs for ASM's infringement of the Asserted Patents, together with interest and costs, pursuant to 35 U.S.C. § 284;

**H.**    a finding of ASM's infringement of the Asserted Patents to be willful and a trebling of damages pursuant to 35 U.S.C. § 284;

Page 5 - **JOINT REPORT OF PARTIES REGARDING CASE STATUS**

**I.**    a determination that this action is an exceptional case pursuant to 35 U.S.C. § 285, and an award to Plaintiffs of their attorneys' fees, costs, and expenses incurred in connection with this action; and

**J.**    such other equitable or legal relief as the Court deems just and proper under the circumstances.

Should this action proceed, ASM anticipates seeking the following relief:

**A.**    A judgment or order dismissing, with prejudice, all of Plaintiffs' claims against ASM;

**B.**    A judgment or order denying all relief that Plaintiffs seek;

**C.**    A declaratory judgment that all asserted claims of the asserted patents are invalid;

**D.**    A declaratory judgment that ASM has not infringed, induced to infringe, or contributed to infringement of any valid and enforceable claim of the asserted patents, literally or under the doctrine of equivalents, or under any subsection of 35 U.S.C. § 271;

**E.**    A finding that this case is exceptional under 35 U.S.C. § 285 and an order awarding ASM its costs and attorneys' fees; and

**F.**    Any other relief that the Court deems just and equitable.

## V.    AMENDMENT OF PLEADINGS

Plaintiffs do not presently anticipate amending their pleadings further but reserve their right to do so as the case develops and new information is learned in discovery.

Defendants have not yet filed a responsive pleading in view of their pending motion to dismiss, stay, or transfer.

Page 6 - **JOINT REPORT OF PARTIES REGARDING CASE STATUS**

## VI.    JOINDER OF PARTIES

The parties are not presently aware of any additional parties that need or should be joined

in this action but may seek to join additional parties should the need arise in accordance with the

Court's scheduling order, the Federal and Local Rules, by stipulation, or by leave of the Court.

## VII.    DISCOVERY

Consistent with the parties' telephonic conference (that Plaintiffs contend was pursuant to

Rule 26(f)) held on August 6, 2018, Plaintiffs do not presently anticipate any need to change the

limitations on discovery set forth by the Federal Rules of Civil Procedure but reserve their right

to request limitations as the case develops.

Defendants propose that the parties conduct a Rule 26(f) conference—as necessary—

following the Court's ruling on Defendants' pending motion to dismiss, stay, or transfer.

### A.    Electronically Stored Information ("ESI") and Stipulated Protective Orders

The parties agree to work cooperatively towards a stipulated e-discovery order.  The

parties also agree that the sensitive nature of the material at issue in this case requires a

protective order concerning discovery of confidential information, and agree to discuss entering

a stipulated protective order.

Plaintiffs propose that the parties agree to submit a stipulated proposed e-discovery order

and protective order within 30 days of filing this document.

Defendants propose that the parties discuss a stipulated proposed e-discovery order and

protective order as part of the Rule 26(f) conference, if any, following the Court's ruling on

Defendants' pending motion to dismiss, stay, or transfer.

### B.    Privilege Logs

Page 7 - **JOINT REPORT OF PARTIES REGARDING CASE STATUS**

The parties agree that privileged communications and documents covered by attorney work product protection that were created after the filing date of this case need not be included on any privilege log, except that if a party purports to rely on an opinion of counsel dated after the filing date, any communications related to such opinion of counsel shall be logged regardless of their date of creation.

### C.      Subjects for Discovery

During the August 6, 2018 teleconference, the parties discussed and were in general agreement that discovery is anticipated concerning the matters set forth in the Complaint. Plaintiffs contend that discovery is open concerning all of the matters set forth in the Complaint. Defendants contend that discovery is currently closed.

## VIII.   OTHER MATTERS CONDUCIVE TO THE JUST, SPEEDY, AND INEXPENSIVE DETERMINATION OF THIS ACTION

### A.      Proposed Schedule

Consistent with the Federal Rules of Civil Procedure and Local Rules, Plaintiffs propose the schedule set forth in Appendix A to this Joint Statement.  Plaintiffs' proposed dates include dates consistent with the Federal and Local Rules.  To secure the just, speedy, and inexpensive determination of this action, Plaintiffs oppose Defendants' position that the Court should defer entry of a case schedule until after resolution of Defendants' pending motion.

Defendants believe the Court should either (i) defer entry of a case schedule pending its decision on Defendants' motion to dismiss, stay, or transfer or (ii) enter a schedule with dates that are triggered off the Court's order on the pending motion to dismiss, stay, or transfer. Accordingly, Appendix B sets forth Plaintiffs' alternative dates (following the Court's order on

Page 8 – **JOINT REPORT OF PARTIES REGARDING CASE STATUS**

Defendants' pending motion to dismiss, stay, or transfer) in the first column as well as

Defendants' counter proposal in the second column.  Rows highlighted in yellow are disputed.

### B.    Service

The parties have agreed that service by electronic mail to counsel of record shall be

equivalent to personal service.

### IX.    LOCAL RULE 11-1(d)(2)

Pursuant to L.R. 11-1(d)(2), counsel signing below consent to their signatures on this

submission.

DATED this 22nd day of August, 2018.

By: /s/ Timothy S. DeJong

Timothy S. DeJong, OSB No. 940662
Email: tdejong@stollberne.com
Jacob S. Gill, OSB No. 033238
Email: jgill@stollberne.com
STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840


-And-

Michael J. Lyons (admitted *pro hac vice*)
Email: michael.lyons@morganlewis.com
Jason E. Gettleman (admitted pro hac vice)
Email: jason.gettleman@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 843-4000

Jeffrey E. Ostrow (admitted pro *hac vice*)
Email: jostrow@stblaw.com

By:    /s/ Klaus H. Hamm

Klaus H. Hamm, OSB No. 091730
Email: klaus.hamm@klarquist.com
KLARQUIST SPARKMAN, LLP

-And-

Michael D. Powell, pro hac vice
Email: mikepowell@quinnemanuel.com
Robert W. Stone, pro hac vice
Email: robertstone@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP

Attorneys for Defendants
ASM INTERNATIONAL, N.V., and ASM
AMERICA, INC.

Page 9 - **JOINT REPORT OF PARTIES REGARDING CASE STATUS**

SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000

Attorneys For Plaintiffs Hitachi Kokusai
Electric, Inc., Kokusai Semiconductor
Equipment Corporation, and Kabushiki-
Kaisha Kokusai Electric

Page 10 - **JOINT REPORT OF PARTIES REGARDING CASE STATUS**

## APPENDIX A

| PLAINTIFFS' DATES | EVENT |
|---|---|
| August 24, 2018 | **Initial Disclosures; Confer on ADR** |
| TBD (based on Court's availability) | **Rule 16 Scheduling Conference** |
| September 17, 2018 | **Joint ADR Report** |
| September 25, 2018 | **Last Day to Amend Pleadings and Add Parties** |
| October 9, 2018; or 60 days after the parties exchange initial disclosures | **Disclosure of Infringement Contentions and Accompanying Document Production** |
| November 8, 2018; or 30 days after disclosure of infringement contentions | **Disclosure of Invalidity Contentions And Accompanying Document Production** |
| November 22, 2018; or 14 days after service of the invalidity contentions | **Exchange of Proposed Terms for Construction** |
| December 10, 2018; or 30 days after disclosure of invalidity contentions | **Exchange of Preliminary Claim Constructions and Extrinsic Evidence** |
| January 9, 2019; or 30 days after exchange of preliminary claim constructions and extrinsic evidence | **Joint Claim Construction Statement** |
| February 9, 2019; or 30 days after submission of joint claim construction statement | **Completion of Claim Construction Discovery** |
| February 25, 2019; or 14 days after completion of claim construction discovery | **Opening Claim Construction Briefs** |
| March 11, 2019; or 14 days after submission of opening claim construction briefs | **Responsive Claim Construction Briefs** |
| April 2, 2019; or 14 days after submission of responsive claim construction briefs | **Reply Claim Construction Briefs** |
| May 2, 2019; or 30 days after submission of reply claim construction briefs; or closest date thereto that the Court is available | **Claim Construction Tutorial and Hearing** |
| 90 days after Court's Claim Construction Order | **Close of Fact Discovery** |
| 45 days after close of fact discovery | **Initial Expert Reports On Issues For Which The Serving Bears The Burden At Trial** |
| 30 days after service of initial expert reports | **Rebuttal Expert Reports** |
| 30 days after service of rebuttal expert reports | **Expert Discovery Motions, Excluding *Daubert* Motions** |
| 30 days after service of rebuttal expert reports | **Close of Expert Discovery** |
| 30 days after close of expert discovery | **Last Day to File Dispositive and *Daubert* Motions** |
| 30 days after filing dispositive or *Daubert* motions | **Responses to Dispositive and *Daubert* Motions** |

Page 11 - **JOINT REPORT OF PARTIES REGARDING CASE STATUS**

| 14 days after filing responses to dispositive or *Daubert* motions | **Replies to Dispositive and *Daubert* Motions** |
|---|---|
| 90 days after Court's resolution of all pending dispositive or *Daubert* motions | **Last Day to File Joint Proposed Pretrial Order; Pretrial Motions; Motions *in Limine*** |
| TBD (based on Court's availability) | **Pretrial Conference** |
| July 13, 2020; or the closest date thereto that the Court is available | **Trial** |

Page 12 - **JOINT REPORT OF PARTIES REGARDING CASE STATUS**

## APPENDIX B[1]

| PLAINTIFFS' ALTERNATIVE DATES | ASM'S DATES[2] | EVENT |
|---|---|---|
| | Within 14 days of Court's decision on pending motion to dismiss, stay, or transfer | **Parties to Hold Rule 26(f) Conference** |
| | 14 days after parties hold Rule 26(f) Conference | **Initial Disclosures; Confer on ADR; File Joint Rule 26(f) Conference Statement** |
| TBD (based on Court's availability) | TBD (based on Court's availability) | **Rule 16 Scheduling Conference** |
| | 30 days after parties confer on ADR | **Joint ADR Report** |
| | 90 days after parties exchange initial disclosures | **Last Day to Amend Pleadings and Add Parties** |
| 60 days after the parties exchange initial disclosures | 60 days after the parties exchange initial disclosures | **Disclosure of Infringement Contentions and Accompanying Document Production[3]** |
| 30 days after disclosure of infringement contentions | 60 days after disclosure of infringement contentions | **Disclosure of Invalidity Contentions And Accompanying Document Production[4]** |
| 14 days after service of the invalidity contentions | 30 days after disclosure of invalidity contentions | **Exchange of Proposed Terms for Construction[5]** |
| 30 days after disclosure of invalidity contentions | 30 days after exchange of proposed terms for construction | **Exchange of Preliminary Claim Constructions and Extrinsic Evidence[6]** |
| 30 days after exchange of preliminary claim | 30 days after exchange of preliminary claim | **Joint Claim Construction Statement[7]** |

---

[1] Disputed dates highlighted in yellow.

[2] In the event the Court decides to enter a schedule prior to a decision on the pending motion to dismiss, stay, or transfer.

[3] This disclosure shall satisfy the requirements of the Northern District of California's Patent L.R. 3-1 and 3-2.

[4] This disclosure shall satisfy the requirements of the Northern District of California's Patent L.R. 3-3 and 3-4.

[5] This exchange shall satisfy the requirements of the Northern District of California's Patent L.R. 4-1.

[6] This exchange shall satisfy the requirements of the Northern District of California's Patent L.R. 4-2.

[7] This statement shall satisfy the requirements the Northern District of California's Patent L.R. 4-3.

Page 13 - **JOINT REPORT OF PARTIES REGARDING CASE STATUS**

| | | |
|---|---|---|
| constructions and extrinsic evidence | constructions and extrinsic evidence | |
| 30 days after submission of joint claim construction statement | 30 days after submission of joint claim construction statement | **Completion of Claim Construction Discovery** |
| 14 days after completion of claim construction discovery | 30 days after completion of claim construction discovery | **Opening Claim Construction Briefs** |
| 14 days after submission of opening claim construction briefs | 21 days after submission of opening claim construction briefs | **Responsive Claim Construction Briefs** |
| 14 days after submission of responsive claim construction briefs | 14 days after submission of responsive claim construction briefs | **Reply Claim Construction Briefs** |
| 30 days after submission of reply claim construction briefs; or closest date thereto that the Court is available | 30 days after submission of reply claim construction briefs; or closest date thereto that the Court is available | **Claim Construction Tutorial and Hearing** |
| 90 days after Court's Claim Construction Order | 180 days after Court's Claim Construction Order | **Close of Fact Discovery** |
| 45 days after close of fact discovery | 45 days after close of fact discovery | **Initial Expert Reports On Issues For Which The Serving Bears The Burden At Trial** |
| 30 days after service of initial expert reports | 45 days after service of initial expert reports | **Rebuttal Expert Reports** |
| 30 days after service of rebuttal expert reports | 30 days after service of rebuttal expert reports | **Expert Discovery Motions, Excluding *Daubert* Motions** |
| 30 days after service of rebuttal expert reports | 30 days after service of rebuttal expert reports | **Close of Expert Discovery** |
| 30 days after close of expert discovery | 30 days after close of expert discovery | **Last Day to File Dispositive and *Daubert* Motions** |
| 30 days after filing dispositive or *Daubert* motions | 30 days after filing dispositive or *Daubert* motions | **Responses to Dispositive and *Daubert* Motions** |
| 14 days after filing responses to dispositive or *Daubert* motions | 14 days after filing responses to dispositive or *Daubert* motions | **Replies to Dispositive and *Daubert* Motions** |
| 90 days after Court's resolution of all pending dispositive or *Daubert* motions | 90 days after Court's resolution of all pending dispositive or *Daubert* motions | **Last Day to File Joint Proposed Pretrial Order; Pretrial Motions; Motions *in Limine*** |
| TBD (based on Court's availability) | TBD (based on Court's availability) | **Pretrial Conference** |

Page 14 - **JOINT REPORT OF PARTIES REGARDING CASE STATUS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840

| July 13, 2020; or the closest date thereto that the Court is available | ==TBD (based on Court's availability)== | **Trial** |
|---|---|---|

Page 15 - **JOINT REPORT OF PARTIES REGARDING CASE STATUS**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600 FAX (503) 227-6840