IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KOKUSAI SEMICNDUCTOR EQUIPMENT CORP.**, a Delaware Corporation, and **KABUSHIKI-KAISHA KOKUSAI ELECTRIC**, <br><br> Plaintiffs, <br><br> v. <br><br> **ASM INTERNATIONAL, N.V.**, a Netherlands corporation, and **ASM AMERICA, INC.**, a Delaware corporation, <br><br> Defendants. | Case No. 3:18-cv-00323-AC <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on January 25, 2019. ECF 61. Judge Acosta recommended that Defendants' Motion to Dismiss, Stay or Transfer Venue (ECF 19) be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

PAGE 1 – ORDER

§ 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendants timely filed an objection (ECF 63), to which Plaintiffs responded. ECF 64. Defendants object to the portion of Judge Acosta's recommendation finding that (1) the issues in the first-filed suit were not substantially similar under the first-to-file rule; (2) failing to apply the transaction or occurrence test in determining whether this case was barred under the claim splitting doctrine; and (3) giving undue weight to Plaintiffs' choice of forum.

The Court has considered Judge Acosta's thorough and well-reasoned opinion, as well as Defendants' objections and Plaintiffs' responses. The Court agrees with the analysis and recommended disposition in the Findings and Recommendation. It is undisputed that the Oregon lawsuit involves different patents and different technologies than those implicated in the

California lawsuit. Even though the Accused Products are the same in both actions, the Accused Products are highly complex and involve multiple different technologies and the California lawsuit and the Oregon lawsuit involve different patents, different claim terms, and different claim elements. Additionally, because none of the patent claims in the California case have reached the claim construction phase, the Court does not have enough facts to conclude that the patents at issue here present sufficiently similar causes of action. The Court agrees with Judge Acosta's conclusion that ASM has failed to demonstrate that the accused products, processes, and patents in the Oregon lawsuit are essentially the same as those in the California lawsuit.

The Court also agrees with Judge Acosta's finding that Plaintiffs' choice of forum is the District of Oregon because Plaintiffs filed this lawsuit in the District of Oregon and this lawsuit, involving these patents, has not previously been filed in any other district. This choice is given deference when analyzing a motion to transfer venue under 28 U.S.C. § 1404. The Court agrees with Judge Acosta's analysis and concludes that the *Jones* factors weigh against transfer. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

Finally, the Court finds that Defendants' notice of subsequent events (ECF 69) is not probative of the underlying Motion to Dismiss, Stay, or Transfer Venue. Although the Court concludes that the two actions are not sufficiently similar to require a dismissal or a stay of this lawsuit, the Court recognizes that there are many areas of similarity and overlap between the two lawsuits. Thus, it is appropriate that requests for production filed in the Oregon lawsuit and the California lawsuit, including discovery motions relating to the Accused Products, would bear some similarities. The discovery requests that Defendants draw the Court's attention to do not undermine the conclusion of the Findings and Recommendation.

The Court ADOPTS Judge Acosta's Findings and Recommendation (ECF 61).

Defendants' Motion to Dismiss, Stay, or Transfer Venue (ECF 19) is DENIED.

**IT IS SO ORDERED.**

DATED this ___th day of March, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge